BLANCHARD<br>*v.*<br>LOCKETT.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## THE GENERAL COUNCIL OF NEW ORLEANS *v.* LOCKETT.

The late police jury of the parish of Orleans was authorized by law to impose taxes to meet the disbursements it was required to make. The stat. of 7 April, 1824, is conclusive on the subject. The power of the Police Jury in this respect was unaffected by the stat. of 8 March, 1836, dividing the city of New Orleans into municipalities.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *King*, for the plaintiffs. *Goold*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This suit is instituted for the recovery of certain taxes, assessed and imposed on the defendant's property by the late police jury of the parish of Orleans, to which the party plaintiff has succeeded. The defendant denies the existence of any law by which the police jury could impose the tax. There was judgment against the defendant for $198 35, and, under the 63d article of the Constitution, he has appealed.

The police jury of the parish of Orleans was charged with providing for certain expenditures attendant on the administration of justice within the parish. The salary of the parish judge, afterwards that of the judge of the Court of Probates, and that of the judge of the City Court, the expense of suitable places for holding courts, of prisons, and several other matters of a like sort, were to be provided for by the police jury. How was this expenditure to be defrayed except by taxation?

Our opinion is that the power of the police jury to levy taxes to meet the .

disbursements necessary for those objects has been fully given by the statutes, and that the law of *April 7th*, 1824, is conclusive as to that power. The law of 1836, dividing the city into municipalities, gave no authority to the councils of either of the municipalities to provide for the subjects committed to the police jury, whose power over them remained unaffected thereby.

The different laws on this subject are by no means clear or free from difficulty, if their litteral meaning be alone followed; but of their legal import, we think, there can be no question,    *Judgment affirmed.*